Daniel, Judge.
 

 The act of Assembly requires, in cases of this kind, that the plaintiff should set forth in his petition “in what respect he is injured by the erection of said mill.” This petition states the plaintiff’s injury as
 
 follows: “
 
 By reason of the erection and continuance of said mill by defendant, about thirty or forty acres of land, belonging to your petitioner, are inundated and overflowed with water; that by
 
 the said overflowing
 
 your petitioner is not only deprived of the thirty or forty acres
 
 so inundated,
 
 but that the healthiness of his plantation, on which he resides, is greatly deteriorated thereby, the overflowing extending to within 300 yards of his dwelling house.” On the trial, the plaintiff’s counsel prayed the court to charge the jury, that in assessing damages for overflowing the plaintiff’s land, if the effect of the defendant’s mill pond
 
 as a whole
 
 was injurious to the health-of the plaintiff or his family, they should assess their damages for the
 
 whole
 
 amount of such injury. The Judge declined to instruct.the jury as- prayed for; but he charged them thus: “ that, if the defendant’s miLl pond had inundated any part of the petitioner’s lands, he was entitled to recover such damages as he had sustained by having his lands inundated, and that, if they thought the defendant
 
 by so covering the land of the petitioner,
 
 had rendered his plantation unhealthy or. uncomfortable, they should give him damages for that injury.” We are now asked whether this charge was correct. We answer, in our opinion it was not
 
 *235
 
 erroneous. We think that the plaintiff had no right to demand damages for injuries, of which he had not stated in ° J
 
 '
 
 his petition, “ in what respect they had arisen.” His pro
 
 bata
 
 should correspond with his
 
 allegata;
 
 and his damages should be- the result of that correspondence. It is unnecessary to say, whether the prayer of the plaintiff’s counsel should or should not have been complied with, if his petition had contained an allegation, sufficiently .broad to have embraced evidence of an injury of such a description as that spoken of.
 

 Secondly, the defendant insisted that the tickets of the plaintiff’s witnesses should not be taxed in the bill of costs: he said that the testimony should have been taken by way of depositions. We think that the objection was correctly overruled. The proceedings were at law, where
 
 viva voce
 
 testimony is never dispensed with if it can be obtained.
 

 Thirdly,' the jury assessed the plaintiff’s damages to one dollar. The court, in rendering judgment, gave the plaintiff no more costs than damages, This we thing was right and proper by force of the act of Assembly, passed; in 1833. The petition was filed at May sessions, 18-34. The Legislature, at its session of 1834, passed án' act amending the act of 1833; but it was done to obviate a supposed difficulty, which might arise on the construction ol the first act. We are of the opinion, however, that the intention of the Legislature in 1833 is fairly- to be seen from that act, 'that if the plaintiff should fail to recover five dollars damages, he should have no more costs than damages. Upon the whole case, therefore, we are of the opinion that the judgment must be affirmed.
 

 Per Curiam. Judgment of the guperior Court affirmed.